UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                              )    Bankruptcy No. 07 B 15363
                                    )    Chapter 7
MICHAEL LOPRESTI,                   )    Judge John H. Squires
                                    )
          Debtor.                   )

### MEMORANDUM OPINION

These matters come before the Court on the motion of Michael LoPresti (the "Debtor") to dismiss the complaint filed in the adversary proceeding (07 A 01088) by Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee (collectively the "Plaintiffs"), which seeks a determination that a certain debt owed by the Debtor to the Plaintiffs is nondischargeable pursuant to 11 U.S.C. § 523(a)(6), and on the motion of the Plaintiffs filed in the bankruptcy case (07 B 15363) for a nunc pro tunc order extending the deadline to file the complaint to determine the dischargeability of the debt.

For the reasons set forth herein, the Court grants the Debtor's motion to dismiss the complaint with prejudice and denies the Plaintiffs' motion for a nunc pro tunc order extending the deadline to file the complaint to determine the dischargeability of the debt.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(A), (I), and (O).

## II. FACTS AND BACKGROUND

On August 23, 2007, the Debtor filed a voluntary Chapter 7 bankruptcy petition. On August 24, 2007, the Clerk of the Bankruptcy Court sent out a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" (the "First Meeting Notice") that scheduled the meeting of creditors under 11 U.S.C. § 341(a) for October 2, 2007. (Mot. to Dismiss, Ex. No. 1.) The meeting was subsequently continued to October 30, 2007, November 20, 2007, and December 12, 2007. (Bankr. Docket Nos. 15, 21, & 22.) The certificate of service that accompanied the First Meeting Notice listed Cathy Rath ("Ms. Rath"), the attorney for the Plaintiffs, as one of the recipients of the First Meeting Notice. (Mot. to Dismiss, Ex. No. 1.) The Plaintiffs do not dispute that Ms. Rath received the First Meeting Notice. Ms. Rath attended the creditors' meeting on October 2, 2007.

The First Meeting Notice also informed creditors that the deadline for filing complaints objecting to the Debtor's discharge or to determine the dischargeability of debts was December 3, 2007. (*Id.*) The Plaintiffs do not dispute that they were aware of this deadline. It is undisputed that Ms. Rath had notice of the bankruptcy filing and the deadline date for filing a complaint to determine the dischargeability of certain debts.

On September 5, 2007, the United States District Court for the Northern District of Illinois, in a case styled Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee (the Plaintiffs in the adversary proceeding) v. Asbestos Consulting Specialists, Inc. d/b/a ACS, Inc., Case No. 06 C 4456, issued a Memorandum Opinion wherein the court found the Debtor in civil contempt and directed that judgment be entered against him. (Compl. Ex. A.) Thereafter, on September 21, 2007, the District Court entered a judgment in the amount

-3-

of $19,402.07 in favor of the Plaintiffs and against the Debtor. (Compl. Ex. B.) The judgment resulted from the Debtor's violation of an injunction contained in a citation in supplemental proceedings to discover assets that had been served on the Debtor in that litigation.

On December 5, 2007, the Plaintiffs filed an adversary proceeding which seeks a determination that the above-reference debt owed by the Debtor to the Plaintiffs should be found nondischargeable pursuant to 11 U.S.C. § 523(a)(6). It is undisputed that the complaint was filed after the December 3, 2007 deadline, and the Plaintiffs did not file a motion for an extension of time within or prior to that date.

The Plaintiffs contend that on December 11, 2007, Ms. Rath received a copy of the Debtor's discharge dated December 4, 2007. It was at that point that Ms. Rath realized she had incorrectly calendared the deadline date for filing a complaint to determine the dischargeability of the debt, and that she had filed the complaint two days past the deadline.

On December 19, 2007, the Plaintiffs filed their motion for a nunc pro tunc order extending the deadline to file the complaint to determine the dischargeability of the debt. The Debtor has filed an objection to that motion. On December 20, 2007, the Debtor filed his motion to dismiss the complaint on the basis that the complaint was filed after the December 3, 2007 deadline and that the Plaintiffs did not seek a timely extension of that deadline.

### III. DISCUSSION

The Debtor brings his motion to dismiss the complaint pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6), which incorporates by reference Federal Rule of Civil

-4-

Procedure 12. The Debtor contends that the complaint should be dismissed because it was filed more than sixty days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a).

Rule 12(b)(6) and its bankruptcy analogue Rule 7012, permit a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits. In determining the propriety of dismissal, a court must accept the allegations of the complaint as true, and draw all reasonable inferences in a light most favorable to the plaintiff. *Brown v. Budz*, 398 F.3d 904, 907-08 (7th Cir. 2005). A complaint is not required to contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

The issue before the Court is whether the Plaintiffs' complaint should be dismissed on the basis that it was filed untimely. Federal Rule of Bankruptcy Procedure 4007(c) governs the time period for filing a complaint to determine the dischargeability of a debt and sets the deadline for filing such a complaint under 11 U.S.C. § 523(c) as "60 days after the first date set for the meeting of creditors under § 341(a)." FED. R. BANKR. P. 4007(c). Bankruptcy Rule 4007(c) provides that "the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." *Id.* Federal Rule of Bankruptcy Procedure 9006(b)(3) in turn states that a "court may enlarge the time for taking action under Rule[] . . . 4007(c) . . . only to the extent and under the conditions stated in [that] rule[]." FED. R. BANKR. P. 9006(b)(3). Thus, Bankruptcy Rule 9006(b)(3) provides that a court may not enlarge the time to file a complaint under Bankruptcy Rule 4007(c) for any reason outside of the provisions of that Rule. *Francis v. Eaton (In re Eaton)*, 327 B.R. 79, 81 (Bankr. D.N.H. 2005). Because Bankruptcy Rule 4007(c)

-5-

sets forth a statute of limitations, it must be strictly construed. *See generally Quaid v. Friedman (In re Friedman)*, 15 B.R. 493, 494 (Bankr. N.D. Ill. 1981).

The Plaintiffs argue that the Court has discretion to extend the date by which a complaint to determine dischargeability may be filed when "excusable neglect" is shown. Presumably, the Plaintiffs invoke Bankruptcy Rule 9006(b)(1) which permits an "act to be done where the failure to act was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(1). *See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, (1993). However, Bankruptcy Rule 9006(b)(1) "does not apply to determinations of whether to extend deadlines under Rule[] . . . 4007. . . . Rule[] . . . 4007 make[s] no mention of 'excusable neglect.'" *Mirmingos v. Benjamin*, 288 B.R. 521, 523 (N.D. Ill. 2003). Indeed, Bankruptcy Rule 9006(b)(3) explicitly excepts Bankruptcy Rule 4007(c) from the "excusable neglect" standard in permitting time enlargement by providing that a court may enlarge the time for taking action under Bankruptcy Rule 4007(c) only to the extent stated in Bankruptcy Rule 4007(c). *Neeley v. Murchison*, 815 F.2d 345, 346 (5th Cir. 1987). Moreover, "unlike motions to allow late filing under Rule 9006 for 'excusable neglect,' motions for extension of time under Rule[] . . . 4007 must be filed prior to the expiration of the sixty day deadline; there is no provision in [that] rule[] permitting filing after the deadline has passed absent a timely-filed motion for extension of time." *Mirmingos*, 288 B.R. at 523.

The Seventh Circuit Court of Appeals in *In re Kontrick*, 295 F.3d 724 (7th Cir. 2002), *aff'd*, 540 U.S. 443 (2004), held that the deadline in Bankruptcy Rule 4007(c) is not jurisdictional, and therefore, is subject to equitable defenses. *Id.* at 733. Those defenses include waiver, estoppel, and equitable tolling. *United States v. Locke*, 471 U.S. 84, 94 n.10 (1985); *Nardei v.*

-6-

*Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003). Those defenses are not invoked or argued by the Plaintiffs here.

It is undisputed that the Plaintiffs did not file a motion to extend the date to file a complaint prior to the expiration of the sixty day deadline. For that reason, the Court must grant the Debtor's motion to dismiss. Moreover, the Court finds that Bankruptcy Rule 9006(b)(3) does not apply to Bankruptcy Rule 4007(c). Hence, the Plaintiffs may not invoke "excusable neglect." Even if Bankruptcy Rule 9006(b)(3) did apply, the Court finds that "excusable neglect" is not an equitable defense. *See Mirmingos*, 288 B.R. at 523.

The Plaintiffs contend that because Ms. Rath attended the § 341 creditors' meeting on October 2, 2007, and informed counsel for the Debtor that she intended to file an adversary proceeding on behalf of the Plaintiffs to determine the dischargeability of the debt between the Debtor and the Plaintiffs, the Debtor was on notice of this fact, and therefore, the motion for the nunc pro tunc order extending the deadline to file the complaint should be allowed. The Court finds that the Plaintiffs have failed to allege any equitable defenses as allowed by *Kontrick*. The fact that Ms. Rath mentioned that she was going to file a complaint does not serve as an equitable defense. The record fails to demonstrate any equitable basis for avoiding or tolling the filing deadline. Further, the record is devoid of any evidence of a knowing waiver of the deadline by the Debtor.

The Court finds that the Plaintiffs failed to timely file their complaint or to timely seek an extension of the deadline under Bankruptcy Rule 4007(c). Accordingly, the Court grants the Debtor's motion to dismiss the complaint with prejudice because it was not filed timely. The

-7-

Court denies the Plaintiffs' motion for a nunc pro tunc order extending the deadline to file the complaint to determine the dischargeability of the debt.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Debtor's motion to dismiss the complaint with prejudice and denies the Plaintiffs' motion for a nunc pro tunc order extending the deadline to file the complaint to determine the dischargeability of the debt.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: 2/19/8

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Central States, Southeast and Southwest Areas Pension Fund v. LoPresti
### Adversary Case No. 07 A 01088

Ariel Weissberg, Esq.
Rakesh Khanna, Esq.
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605

William T. Neary, United States Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606

Brenda Porter Helms, Esq.
c/o Albany Bank & Trust
3400 W. Lawrence Avenue
Chicago, IL 60625

Cathy L. Rath, Esq.
9377 W. Higgins Road
Rosemont, IL 60018